# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS THOMPSON, | CASE NO. 1:08-cv-00007-LJO-YNP PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THIS ACTION |
| v. | |
| ALTAMERANO, et al., | (Doc. 17) |
| Defendants. | OBJECTIONS DUE WITHIN 30 DAYS |

Plaintiff Curtis Thompson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff names Altamerando, R. Reyes, and K. Clark as defendants. For the reasons set forth below, the Court finds that Plaintiff's first amended complaint fails to state any claims upon which relief may be granted under section 1983. The Court will recommend that Plaintiff's first amended complaint be dismissed with prejudice.

**I.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.     Background**

    **A.     Procedural Background**

Plaintiff filed the original complaint in this action on January 2, 2008.  (Doc. #1.)  On May 20, 2009, the Court screened Plaintiff's original complaint pursuant to 28 U.S.C. § 1915A.  The Court found that Plaintiff's original complaint failed to state any claims upon which relief can be granted under section 1983.  Plaintiff was given leave to file an amended complaint.  On August 6, 2009, Plaintiff filed his first amended complaint.  (Doc. #17.)  This action proceeds on Plaintiff's first amended complaint.

    **B.     Factual Background**

Plaintiff does not provide any clear factual allegations in his first amended complaint. Plaintiff has filed a form complaint for civil rights actions under section 1983.  Under the section titled "Statement of Claim," Plaintiff writes:

> I have or should I say fall under crontic[sic] care of the medical procedure at Corcoran and esp Sacramento. I would be going to court to have my claim heard in court in a trial. I'm being denied PLU deadline on court order to obtain my legal documents. I am disability. I can't see due to medical issue.

Under the section titled "Relief," Plaintiff writes "I have filed into your court this 1983 civil standard claim in order to seek the relief that I must seek into your court for the proper relief into this matter being presented."

**III.   Discussion**

The Court is unable to discern what Plaintiff is alleging that Defendants did and what Plaintiff's legal claims are. Plaintiff does not allege what Defendants did or what injuries Plaintiff suffered. Plaintiff's amended complaint contains nothing more than vague statements about medical care and being unable to obtain legal documents. Plaintiff does not explain how any Defendants interfered with his medical care or how any Defendants hindered Plaintiff's ability to obtain his legal documents.

In its previous screening order, the Court noted that the allegations in Plaintiff's original complaint were also difficult to discern. (Order Dismissing Compl., with Leave to File Am. Compl. Within Thirty Days 2:15.) Plaintiff's original complaint made vague allegations about an accident with a truck and Plaintiff's examination by a doctor. (Compl. 3.) Plaintiff requested that the Court "make the Defendants take away (rescind) their allegations of my attempt to defraud the state's insurance carrier." (Compl. 3.) Plaintiff attached a number of documents to his original complaint as exhibits which were related to Plaintiff's inmate grievances about correctional officers labeling Plaintiff as a snitch and endangering his life. (Compl. 4-18.)

The Court's previous screening order provided Plaintiff with the relevant standards for stating a claim under section 1983. (Order Dismissing Compl. 2:27-3:22.) Plaintiff was specifically informed that he must file a complaint that explains how Defendants deprived Plaintiff of rights secured by the Constitution or other federal law. (Order Dismissing Compl. 2:27-3:1.) Plaintiff was also given the relevant legal standards for stating a claim under section 1983 for deliberate indifference to serious medical needs. (Order Dismissing Compl. 3:9-22.) Plaintiff was also told

///

that he must allege facts that show how each individual defendant engaged in conduct that violated Plaintiff's rights. (Order Dismissing Compl. 3:24-26.)

Plaintiff's first amended complaint is less comprehensible than his original complaint. Plaintiff has not meaningfully addressed any of the deficiencies identified by the Court in its previous screening order. As such, the Court finds that Plaintiff's claims are not capable of being cured by granting further leave to amend. The Court will recommend that Plaintiff's claims be dismissed with prejudice.

## IV.  Conclusion and Order

The Court has screened Plaintiff's first amended complaint and finds that it does not state any claims upon which relief may be granted under section 1983. Plaintiff was previously informed of the deficiencies in his original complaint and informed of the basic standards for stating a claim under section 1983. Plaintiff's first amended complaint fails to meaningfully address the deficiencies previously identified by the Court. As such, the Court finds that the deficiencies in Plaintiff's claims are not capable of being cured by granting further leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) ("district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts"); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) (pro se litigant entitled to an opportunity to amend the complaint to overcome any deficiencies unless it clearly appears from the complaint that the deficiency cannot be overcome by amendment).

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's first amended complaint be dismissed, with prejudice, for failure to state any claims upon which relief can be granted under section 1983.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file


1 objections within the specified time may waive the right to appeal the District Court's order. 2 <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

4     IT IS SO ORDERED.

5     **Dated:   March 18, 2010          /s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE